IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 20, 2003**

Charles R. Fulbruge III
Clerk

No. 02-41631
Conference Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RODOLFO CERVANTES-SARMIENTO,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-751-ALL
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Rodolfo Cervantes-Sarmiento appeals his guilty-plea
conviction and sentence for being found in the United States,
without permission, following deportation, in violation of
8 U.S.C. § 1326(a) and (b)(1).  For the first time on appeal,
Cervantes-Sarmiento argues that 8 U.S.C. § 1326(b) is
unconstitutional on its face and as applied in his case because
it treats a prior conviction for a felony or aggravated felony as
a sentencing factor and not as an element of the offense.  He

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

contends that the unconstitutional portion of 8 U.S.C. § 1326 should be severed from the statute. He asks us to vacate his conviction and sentence, reform the judgment to reflect a conviction only under 8 U.S.C. § 1326(a), and remand his case for resentencing under that provision.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. Id. at 239-47. Cervantes-Sarmiento acknowledges that his argument is foreclosed by Almendarez-Torres, but asserts that the decision has been called into doubt by Apprendi v. New Jersey, 530 U.S. 466, 489-90 (2000). He seeks to preserve his argument for further review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted). Accordingly, the district court did not err in sentencing Cervantes-Sarmiento under 8 U.S.C. § 1326(b)(1). The judgment of the district court is AFFIRMED.